IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LESLIE C. LASSBERG a/k/a CLARE LASSBERG | § § § |
| **Plaintiff,** | § § § |
| **v.** | § CIVIL ACTION NO. **4:13-cv-00577** § |
| BARRETT DAFFIN FRAPPIER TURNERE & ENGEL, L.L.P., in its capacity as an agent and alleged Substitute Trustee for BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, LP, in its capacity as agent and servicer for WELLS FARGO BANK, N.A., as trustee for the Certificate holders of MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMC3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMC3; STONEBROOK ESTATES HOMEOWNERS ASSOCIATION, INC.; CHARLES A. WARD; MERSCORP HOLDINGS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as nominee for WMC MORTGAGE CORPORATION and its Successors and Assigns; and the Successors and Assigns of MERS; JPMORGAN CHASE BANK, N.A., as trustee on behalf of the Holders of the TRUMAN CAPITAL MORTGAGE LOAN TRUST 2004-2; JPMORGAN CHASE BANK, N.A. F/K/A CHASE MANHATTAN BANK, as Trustee of IMC HOME EQUITY LOAN TRUST 1997-6 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 1997; JOHN & JANE DOES 1-50, TRUSTS 1-50, CORPORATIONS 1-50, as unknown Claimants of 7113 STONERIDGE DRIVE, FRISCO TEXAS 75034 | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |
| **Defendants- Claimants.** | § § |

## DEFENDANT'S NOTICE OF REMOVAL

Defendants Bank of America, N.A. ("Bank of America"), Wells Fargo Bank, N.A. ("Wells Fargo"), Merscorp Holdings, Inc. ("Merscorp"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively the "Defendants") hereby file this their Notice of Removal.

## I.      INTRODUCTION

1.      On September 3, 2013, Plaintiff filed her Original Petition and Application for an Emergency Temporary Injunction Request for Disclosure and Demand for Jury Trial ("Original Petition") for: (1) quiet title; (2) violations of the Texas Property Code; (3) violations of the Texas Deceptive Trade Practice Act ("DTPA"); (4) violations of the Texas Civil Practices and Remedies Code; (5) violations of the Texas Property Code; and (6) invasion of privacy.  Plaintiff seeks damages of an unspecified amount, declaratory relief, injunctive relief, attorneys' fees and costs.

2.      Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, orders and other papers filed in the state court action are attached hereto as **Exhibit "A"** and the remainder is being obtained by Defendants and will be supplemented to this removal.

## II.  TIMELINESS OF NOTICE OF REMOVAL

3.      Plaintiff filed the lawsuit on September 3, 2013.   Accordingly, this Notice of Removal is timely.

## III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.      Complete Diversity Exists.**

4.      Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship).  Upon information and believe, Plaintiff is a citizen of Texas residing in Collin County, Texas.[1]

---

[1] *See* Plaintiff's Original Petition at ¶ 3.

5.      Bank of America is a national banking association with its main office in North Carolina as designated in its articles of association.  As a national banking association, Bank of America's citizenship is determined solely by the location of its main office, as designated in its articles of association.[2] Accordingly, Bank of America is a citizen of North Carolina.

6.      Wells Fargo is a national banking association with its main office in North Carolina as designated in its articles of association.  As a national banking association, Wells Fargo's citizenship is determined solely by the location of its main office, as designated in its articles of association.[3] Accordingly, Defendant Wells Fargo is a citizen of South Dakota.

7.      MERS is a Delaware corporation with its principal place of business in the State of Virginia.  Accordingly, MERS is deemed to be a citizen of Virginia for the purposes of 28 U.S.C. § 1332.

8.      Merscorp is also a corporation incorporated in Delaware, with its principal place of business in Reston, Virginia.  For purpose of diversity, Merscorp is a citizen of Virginia.

9.      Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national banking association chartered and existing under the laws of the United States, with its main office in Columbus, Ohio as listed in its Articles of Association.  As a national banking association, Chase's citizenship is determined solely by the location of its main office, as designated in its articles of association. Accordingly, Chase is a citizen of Ohio for diversity purposes.

10.     Based upon information and belief, Defendants Barrett Daffin Frappier Turner & Engel, L.L.P ("BDFTE"), Stonebrook Estates Homeowners Association, Inc. ("Stonebrook"), and

---

[2] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.

[3] 28 U.S.C. § 1348; see also *Wegener v. Wells Fargo Bank, NA*, No. 4:11CV832, 2012 WL 844520, *1 (E.D.Tex. 2012) (Under its articles of association, Wells Fargo's main office is located in South Dakota and, thus, is a citizen of South Dakota).

Charles A. Ward ("Ward") are citizens of Texas. Notwithstanding BDFTE, Stonebrook and Ward's citizenship, however, removal is proper because diversity jurisdiction cannot be destroyed when a plaintiff improperly joins a non-diverse defendant,[4] or where the non-diverse defendant is a nominal party.[5]

### 1.   BDFTE is Improperly Joined.

11.    A removing party can establish improper joinder by showing that there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse party in state court.[6]  Texas law is clear on the issue of a law firm defendant's liability (or lack thereof) arising out of its duties of representation, in that a law firm should not be held liable where the conduct for which it is being sued relates solely to the discharge of the firm's duty to enforce and/or defend the rights of its clients.[7]  In this case, BDFTE acted merely as the representative and/or agent of Bank of America, and Plaintiff concedes this fact.[8]  Consequently, Plaintiff cannot successfully maintain a cause of action against BDFTE and there is no reasonable basis for recovery against BDFTE in state court.  For these reasons, BDFTE is an improperly joined defendant, and its presence in this lawsuit will not defeat diversity jurisdiction.

### 2.   Stonebrook and Ward are Nominal Parties.

12.     The naming of Stonebrook and Ward as a defendants does not defeat diversity because they are mere nominal defendants.  "A plaintiff's joinder of formal or unnecessary parties

---

[4] *McKee v. Kansas City Southern Rail Road Co.*, 358 F.3d 329, 333 (5th Cir. 2004).

[5] *See Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at 710 (quoting *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–cv–592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).

[6] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  To avoid fraudulent joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved . . . . This possibility, however, must be reasonable, not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

[7] *Taco Bell Corp. v. Cracken*, 939 F.Supp 528, 529 (N.D. Tex. 1996) (applying Texas state law and finding claims against an attorney's professional corporation must be dismissed and summary judgment in favor of the attorney was granted as a matter of law).

[8] *See* Complaint, p. 16, ¶ 47.

cannot defeat diversity jurisdiction and prevent removal."[9]  Whether a party is nominal "depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . ."[10]  A court may also consider a party nominal if its "role in the lawsuit is that of a depositary or stakeholder."[11]

13.     Stonebrook's role in this matter appears to relate to a homeowner's association lien allegedly filed on August 5, 2002 and again on July 18, 2013.  Ward's role stems even farther back, related to a deed of trust allegedly filed on August 13, 1997.  Neither played any role in the subsequent servicing of the underlying mortgage loan by Bank of America, which makes them quintessential "depositary(ies) or stakeholder(s)" with no property interest at stake respecting the Plaintiffs' requests for relief. [12]  Neither Stonebrook or Ward has any interest in the Deed of Trust or Note, nor can it make any claim to title to the property.  Additionally, other than in the recitation of "facts", there are no causes of action pled against these defendants as to the true nature of Plaintiff's dispute.  She lists a long history of alleged "facts" and "violations" but the actual causes of action pleaded are as follows:

a.     Quiet title against unspecified defendants to grant superior right to title to Plaintiff.  (Stonebrook and Ward are not specifically referenced).

---

[9] *Travis v. Irby*, 326 F.3d at 710 (quoting *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–cv–592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *see also Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit."); see also *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

[10] *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir.2006) (internal quotations omitted).

[11] *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970) (internal quotations omitted).

[12] *Brown*, 2011 WL 2783992 *4; *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D (N.D. Tex. July 12, 2010); *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 609–12 (N.D. Tex. 2009).  See also, **Exhibit "A"** a redacted copy of the Note which shows negotiation from Integrity to Bank of America.

b.      Fraudulent misrepresentation in violation of the Texas Deceptive Trade Practices Act against BDFTE.  (Not brought against Stonebrook or Ward).

c.      Fraudulent concealment of material facts and violation of Texas Civil Practices and Remedies Code section 12.002 against Chase, Bank of America and Wells Fargo. (Not brought against Stonebrook or Ward);

d.      Violation of Texas Property Code against BDFTE. (Not brought against Stonebrook or Ward).

e.      Invasion of privacy against MERS and Merscorp.  (Not brought against Stonebrook or Ward).

f.      Plaintiff seeks both declaratory and injunctive relief against all Defendants, however, no relief is specifically sought against Stonebrook or Ward.

14.     Because Stonebrook and Ward have no interest in the property at stake, and because Plaintiff do not assert any valid causes of action against them in her petition, and because Plaintiff seeks no specific relief from them, other than for unsupportable causes of action, they are nominal parties whose presence should be disregarded in determining diversity of citizenship.  No state court action could be properly maintained against them.

14.     Because Plaintiff is a citizen of Texas, Bank of America is a citizen of North Carolina, Wells Fargo is a citizen of North Dakota, MERS and Merscorp are citizens of Virginia, and Chase is a citizen of Ohio, complete diversity exists.

**B.      The Amount in Controversy Exceeds $75,000.00.**

15.      Plaintiff's Original Petition does not seek a specified amount of monetary relief but rather, seeks declaratory and injunctive relief.  When declaratory and injunctive relief is sought, "the amount in controversy is measured by the value of the object of the litigation."[13]

16.      When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[14]  In this instance, the value of the subject property amounts to at least $181,643.00.[15]  Therefore, based on the value of the relief sought by Plaintiff in her Original Petition, the amount in controversy exceeds $75,000.00**.**

## V.  VENUE

17.      Venue for this Removal is proper in the U.S. District Court for the Eastern District of Texas, Sherman Division because this district and division includes Collin County, Texas—the location of the pending state court action.[16]

## VI.  ADDITIONAL REQUIREMENTS

18.      Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Denton County, Texas.

---

[13] *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *see also Carrick Trucking, Inc. v. Lamberth*, No. 2:10-cv-02171, 2011 WL 1085616, at *2 (W.D. Ark. March 23, 2011).

[14] *Nationstar Mortgage, L.L.C. v. Knox*, 351 Fed.Appx. 844, 848 (5th Cir. 2009) (quoting *Hunt v. Washington State Apple Advertising Commission*, 432. U.S. 333, 347 (1977)); *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983); *Govea v. JPMorgan Chase Bank, N.A.,* No. G-10-3482, 2010 WL 5140064 (S.D. Tex., Dec. 10, 2010); *Lemessa v. Wells Fargo Bank, N.A.,* No. G-10-0478, 2010 WL 5125956, at *1 (S.D. Tex., Dec. 9, 2010); *Bardwell v. BAC Home Loans Servicing, L.P.*, No. 3:11-CV-1002-B, 2011 WL 4346328 *2 (N.D. Tex. Sept. 16, 2011); *McDonald v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628 *2 (N.D. Tex. Dec. 20, 2011); *Martinez v. BAC Home Loans Servicing, LP*, Civil Action No. SA–09–CA–951–FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010).

[15] *See* Collin County Appraisal District Summary attached as **Exhibit "B"**. It is appropriate for the court to take judicial notice of the Collin County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Collin County Tax Appraisal District—cannot reasonably be questioned.  *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

[16] 28 U.S.C. § 124(c)(3).

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. § 1332, Defendants give notice that Cause No. 429-03494-2013 now pending in the 429th Judicial District Court of Collin County, Texas has been removed to this Court.

Respectfully submitted,


By:  /s/ David C. Romness
NATHAN T. ANDERSON
State Bar No. 24050012
DAVID C. ROMNESS
State Bar No. 24051792
McGlinchey Stafford, PLLC
2711 N. Haskell Ave, Suite 2750
Dallas, Texas 75204
Phone:  214.445.2445
Facsimile:  214.445.2450

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE AND NOTICE OF FILING**

I certify that on September 30, 2013, the foregoing Notice of Removal was sent to the District Clerk of Collin County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.


/s/ David C. Romness
David C. Romness

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF filing system on September 27, 2013 who will forward a copy of same to the following registered CM/ECF user:

*Via Fax: 888-247-1127*                                     *Fax: 214/706-0921:*
Carl D. Hughes, Jr.                                         Robert F. Maris
CARL HUGHES, P.C.                                           MARIS & LANIER
P.O. Box 610326                                             3710 Rawlins Street, Suite 1550
Dallas, Texas 75261                                         Dallas, TX 75219

*Attorney for Plaintiff*                                    *Attorney for Barret Daffin*
                                                            *Frappier Turner & Engel LLP,*

*Via Fax: 972-233-1910*
Robert M. Blend
THE BLEND LAW FIRM, P.C.
14131 Midway Rd, Ste. 1240
Addison, Texas 75001

*Attorney for Stonebrook Estates*
*Homeowners Association, Inc.*

                                                            */s/ David C. Romness*_____
                                                            David C. Romness