**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LESLIE C. LASSBERG a/k/a CLARE LASSBERG, | § § § | |
| *Plaintiff,* | § § § | |
| V. | § § | CASE NO. 4:13cv577 Judge Clark/Judge Mazzant |
| BARRETT DAFFIN FRAPPIER TURNERE & ENGEL, L.L.P., in its capacity as an agent and alleged Substitute Trustee for BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, LP, in its capacity as agent and servicer for WELLS FARGO BANK, N.A., as trustee for the Certificate holders of MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMC3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMC3; STONEBROOK ESTATES HOMEOWNERS ASSOCIATION, INC.; CHARLES A. WARD; MERSCORP HOLDINGS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as nominee for WMC MORTGAGE CORPORATION and its Successors and Assigns; and the Successors and Assigns of MERS; JPMORGAN CHASE BANK, N.A., as trustee on behalf of the Holders of the TRUMAN CAPITAL MORTGAGE LOAN TRUST 2004-2; JPMORGAN CHASE BANK, N.A. F/K/A CHASE MANHATTAN BANK, as Trustee of IMC HOME EQUITY LOAN TRUST 1997-6 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 1997; JOHN & JANF | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

1

| | |
|---|---|
| DOES 1-50, TRUSTS 1-50, | § |
| CORPORATIONS 1-50, as unknown | § |
| Claimants of 7113 STONERIDGE DRIVE, | § |
| FRISCO, TEXAS 75034, | § |
| | § |
| | § |
| *Defendants.* | § |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 24, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Remand Due to Lack of Subject Matter Jurisdiction [Doc. #19] be denied [Doc. #38]. On April 10, 2014, Plaintiff filed Objections to Magistrate Judge's Report and Recommendation [Doc. #40]. On April 17, 2014, Defendants Bank of America, N.A. ("Bank of America"), Wells Fargo Bank, N.A. ("Wells Fargo"), Merscorp Holdings, Inc. ("Merscorp"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively the "Defendants") filed a response [Doc. #43]. On April 22, 2014, Plaintiff filed a reply [Doc. #44].

Plaintiff moved to remand based upon one ground: that diversity does not exist because Plaintiff and Defendants Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"), Stonebrook Estates Homeowners Association, Inc. ("Stonebrook") and Charles A. Ward ("Ward") are citizens of Texas. Defendants Bank of America, Wells Fargo, Merscorp, and MERS removed to this court, asserting that Barrett Daffin, Stonebrook, and Ward should be disregarded for diversity purposes because they are nominal parties and Plaintiff has no viable claims against Barrett Daffin, Stonebrook, and Ward. The Magistrate Judge agreed with

Defendants and recommended that Barrett Daffin, Stonebrook, and Ward be dismissed as improperly joined.

Plaintiff first objects that the Magistrate Judge disregarded the fact that Barrett Daffin failed to file any response or contest Plaintiff's argument that it was not a nominal party. Plaintiff's objection has no merit and is rejected. Barrett Daffin was not required to file a response since it was not the party that removed this case to this court. The proper parties filed a response to the motion to remand, and nothing requires a nominal or improperly joined defendant to file a response.

Plaintiff also objects that the Magistrate Judge erred in concluding that Barrett Daffin was protected by the doctrine of qualified immunity. Plaintiff concedes that qualified immunity applies to the context of an attorney representing his or her client in litigation, but asserts that Barrett Daffin's wrongful conduct of a non-judicial foreclosure sale of a property pursuant to a power of sale contained in a deed of trust was not performed in the context of litigation. The court rejects the objection and agrees with the Magistrate Judge that the only facts alleged demonstrate that Barrett Daffin acted merely as the representative and/or agent of Bank of America, which would protect Barrett Daffin by the doctrine of qualified immunity. Plaintiff has alleged no specific facts that allege that Barrett Daffin did anything outside of its representation to assist in the foreclosure. Defendants rely upon *Iqbal v. Bank of America*, No. 13–50218, 2014 WL 1017101, at *2 (5th Cir. Mar. 18, 2014) to support their position. Although the court agrees with Plaintiff that this case is not binding precedent, the court does see that this case is a good example of why Barrett Daffin is entitled to qualified immunity. In this case, Barrett Daffin was acting in its role as the law firm hired to conduct foreclosure proceedings. Barrett Daffin was

improperly joined.

Plaintiff next objects that the Magistrate Judge erred in determining that Ward was a nominal party and the only relief sought against Ward was for injunctive relief.  The court disagrees that Ward is a necessary party to this case.  Ward's role related to a deed of trust allegedly filed on August 13, 1997.  Ward played no role in the subsequent servicing of the underlying mortgage loan by Bank of America.  There are no claims asserted against Ward and no facts alleged at the time of removal that would allow for injunctive relief against Ward.  The Magistrate Judge was correct in finding that Ward was a nominal party that was joined merely to defeat jurisdiction.

Plaintiff next objects that the Magistrate Judge disregarded the legal standard that holds a substitute trustee liable for its fraudulent conduct, and incorrectly determined that the Plaintiff has not alleged any bad faith on the part of Barrett Daffin, as trustee.  The Magistrate Judge found that
"Plaintiff does not allege any bad faith on the part of the trustee. Therefore, the trustee is not liable under the contract Plaintiff had with the companies involved, absent bad faith. Since Plaintiff does not allege bad faith on the part of the trustee, the trustee does not have liability for any error it may have made contributing to the breach of contract or wrongful foreclosure claims of Plaintiff."  The court agrees that there are no allegations of bad faith on the part of Barrett Daffin.  Moreover, there are no actionable allegations of fraud in this case.  Plaintiff's assertion that her allegation that Barrett Daffin "misrepresented its authority to foreclose" is sufficient is misplaced.  In addition to being a conclusory allegation, Barrett Daffin acted as a representative and there is no allegation that it did anything outside of that representation.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff [Doc. #40], and the response [Doc. #43], and reply [Doc. #44], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Plaintiff's Motion to Remand Due to Lack of Subject Matter Jurisdiction [Doc. #19] is DENIED. It is further ORDERED that Defendant Barrett Daffin Frappier Turner & Engel, LLP, Stonebrook Estates Homeowners Association, Inc., and Charles A. Ward are **DISMISSED** with prejudice.
.

So **ORDERED** and **SIGNED** this **30** day of **May, 2014.**

_____
Ron Clark, United States District Judge