# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LESLIE C. LASSBERG a/k/a | § | |
| CLARE LASSBERG | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-577 |
| | § | Judge Mazzant |
| BARRETT DAFFIN FRAPPIER TURNER | § | |
| & ENGEL, L.L.P., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court are Defendants' Motion for Summary Judgment (Dkt. #51) and Plaintiff's Motion for Partial Summary Judgment (Dkt. #53). The Court, having considered the relevant pleadings, finds that Defendants' Motion for Summary Judgment should be granted and Plaintiff's motion should be denied.

## BACKGROUND

On or about December 22, 2004, Plaintiff Leslie Lassberg obtained a loan from WMC Mortgage Corporation ("WMC") in the amount of $137,600.00 to purchase property located at 7113 Stoneridge Drive, Frisco, Texas 75034 (the "Property"). In securing the loan, Plaintiff executed a Deed of Trust pledging the Property as security. The Deed of Trust names MERS as a beneficiary, and, in that capacity, MERS assigned the Deed of Trust to Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on December 18, 2012. Defendant Bank of America, N.A. ("Bank of America") is the current loan servicer.

Plaintiff defaulted under the terms of the Note and Deed of Trust by not timely making her

---

[1] On October 27, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the United States District Judge, and this memorandum opinion and order is issued accordingly.

monthly payments. Plaintiff first defaulted on the loan in January of 2007. Plaintiff made her last mortgage payment on or about April 25, 2011, which brought her loan current through August of 2010. Plaintiff's loan is currently forty-five (45) months in arrears.

On June 1, 2007, Plaintiff filed for Chapter 13 Bankruptcy in Case No. 07-41168, in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Case"). On March 14, 2013, the Bankruptcy Case closed and on September 3, 2013, Plaintiff filed the instant suit in the 429th Judicial District Court of Collin County, Texas. On September 30, 2013, Defendants removed this action to this Court. On March 7, 2014, Plaintiff filed her Amended Complaint. Plaintiff contends that Defendants lack capacity to enforce the terms of their mortgage because they were not the "holder" of the mortgage note, and that MERS did not have the authority to assign the debt. Plaintiff has sued Defendants for: (1) violations of the Texas Local Government Code; (2) quiet title; (3) violations of Texas Civil Practices and Remedies Code; and (4) invasion of privacy. Based on these alleged violations, Plaintiff seeks damages of an unspecified amount, injunctive and declaratory relief, attorneys' fees and costs.

On June 11, 2014, Defendants filed a Motion for Summary Judgment (Dkt. #51). On June 30, 2014, Plaintiff filed a response (Dkt. #56). On July 7, 2014, Defendants filed a reply (Dkt. #57). On June 16, 2014, Plaintiff filed a motion for partial summary judgment (Dkt. #53). On June 30, 2014, Defendants filed a response (Dkt. #55). On July 22, 2014, Plaintiff filed an amended reply (Dkt. #65).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper

if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

**DISCUSSION AND ANALYSIS**[2]

Defendants make the following arguments: (1) that Plaintiff's claims are barred by collateral estoppel and/or res judicata; (2) Plaintiff's claims are barred by judicial estoppel; (3) MERS was the proper entity to assign the debt; (4) Defendants are entitled to enforce the default provisions of the Deed of Trust; and (5) Plaintiff cannot succeed on the merits of her claims and, therefore, is not entitled to declaratory or injunctive relief.

**MERS**

Defendants move for summary judgment asserting that Plaintiff's suit largely rests on the faulty theory that MERS's role in the Deed of Trust and Assignment render the security instruments invalid. Defendants assert that these arguments have no merit whatsoever as courts have routinely dismissed similar claims, including numerous times in the Eastern District of Texas stating that theories such as Plaintiff's have "[b]een rejected by courts across the country. . ." Plaintiff argues that the role of MERS is relevant because she has alleged that Bank of America is not the real party in interest and is not entitled to enforce the Note and Deed of Trust.

The Court agrees with Defendants that MERS, as the nominee for the originating lender, and its successors and assigns, had the authority to foreclose on the Deed of Trust and the authority to transfer its rights and interests to another entity, which would then be able to foreclose if the Note was in default. Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* Tex. Prop. Code § 51.0025. Here, the Deed of Trust identified MERS as the beneficiary and the nominee for the original lender and its

---

[2] On September 18, 2014, the Court entered an Amended Order Granting in Part Defendants' Objections to Plaintiff's Expert Disclosures and Motion to Exclude Experts (Dkt. #72). Based upon this Order, the Court excluded significant portions of Plaintiff's expert affidavits.

successors and assigns. MERS is a mortgagee under the Texas Property Code. *See* Tex. Prop. Code § 51.0001(4). As a mortgagee, MERS could authorize another entity to service the loan and foreclose. *Allen v. Chase Home Finance, LLC*, No. 4:11-cv-223, 2011 WL 2683192, at *3 (E.D. Tex. June 10, 2011).

The Court finds that, as a matter of law, the allegations regarding Defendants' lack of authority to foreclose because MERS did not have the authority to transfer the Note have no basis in law. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *Casterline v. OneWest Bank, F.S.B.*, 537 F. App'x 314, 317 (5th Cir. 2013); *Wigginton v. Bank of New York Mellon*, 488 F. App'x 868, 870 (5th Cir. 2012). "Under Texas law, a non judicial foreclosure may be initiated by the current mortgagee including: the grantee, beneficiary, owner, or holder of a security instrument; a book entry system; or the last person to whom the security interest has been assigned of record." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (citing Tex. Prop. Code § 51.0001(4)). "[T]he mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." *Martins*, 722 F.3d at 255; *Casterline*, 537 F. App'x at 318; *Hall v. BAC Home Loans Serv., L.P.*, 541 F. App'x 430, 433 (5th Cir. 2013); *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356 (5th Cir. 2013). This Court has also found on multiple occasions that MERS has the authority to transfer a note. *See Glaser v. Wells Fargo Bank, N.A.*, No. 4:12-CV-289-DDB, 2013 WL 676662, at *2 (E.D. Tex. Feb. 25, 2013); *see also Martin v. Wells Fargo Bank, N.A.*, No. 4:11-CV-442, 2013 WL 694009, at *4 (E.D. Tex. Feb. 26, 2013); *Hilger v. Bank of America, N.A.*, No. 4:12-CV-214, 2013 WL 676538, at *3 (E.D. Tex. Feb. 25, 2013); *Mason v. Bank of America, N.A.*, No. 4:12-CV-291, 2013 WL 1313773, at *2-3 (E.D. Tex. Feb. 25, 2013); *Gloria v. Bank of New York Mellon*, No. 4:12-CV-76, 2013 WL 639049, at *5-6 (E.D. Tex. Feb. 21,

2013).

The Court agrees that the summary judgment evidence shows MERS, as nominee for WMC, assigned the Deed of Trust to Wells Fargo. Therefore, the Court finds that Defendants' motion for summary judgment should be granted to the extent that Plaintiff challenges MERS's authority to transfer the loan to Wells Fargo. Plaintiff has failed to raise a material fact issue.

Various opinions within the Fifth Circuit have rejected Plaintiff's argument that MERS's assignment of the mortgage was invalid and, without any factual distinctions by Plaintiff here, the Court declines to revisit the issue. *See, e.g., Richardson v. CitiMortgage, Inc.*, No. 6:10CV119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) (rejecting the plaintiffs' attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (citing *Athey v. MERS*, 314 S.W.3d 161, 166 (Tex.App.-Eastland 2010)); *Allen,* 2011 WL 2683192, at *3–4; *Anderson v. CitiMortgage, Inc.*, No. 4:10-cv-398, 2011 WL 1113494, at *1–2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB*, No. H-10-720, 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington,* 2011 WL 2669071, at *3. Similarly, courts have consistently held that a borrower does not have standing to challenge assignment from MERS to which the borrower was a non-party. *Adams v. Bank of America, N.A.*, No. 4:10-cv-709, 2011 WL 5080217, at *4 (E.D. Tex. Oct. 26, 2011); *Defranceschi v. Wells Fargo Bank, N.A.*, No. 4:10-cv-455-Y, 2011 WL 3875338, at *5 (N.D. Tex. Aug. 31, 2011); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-cv-504, 2011 WL 2200672, at *5 (E.D. Tex. Apr. 28, 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, No. H-10-663, 2011 WL 2163989 (W.D. Tex. Feb. 24, 2011); *Schieroni v. Deutsche Bank National Trust Company*, No. H-10-663,

2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011). Based on the governing authority here, the Court can identify no facts that would state a sufficient claim to challenge whether a third party has authority to act on behalf of MERS.

**Standing to Challenge the Assignment of Deed of Trust**

Defendants further assert that Plaintiff lacks standing to challenge the assignment from MERS to Wells Fargo, asserting that Plaintiff was not a party to the assignment, has no evidence the assignment was void, and has no evidence she faced any risk of competing claims for payment under the Note.

Plaintiff asserts that summary judgment for the Defendants in this case is improper, as the evidence demonstrates that Bank of America and Wells Fargo, which stands as trustee of the MSAC 2005-WMC3 Trust, are not the real parties in interest and lack sufficient standing to enforce the Deed of Trust and foreclose on the Property. More specifically, Plaintiff asserts that the evidence in this case shows that the Deed of Trust was never properly transferred into the MSAC 2005-WMC3 Trust ("WMC3 Trust,") and Bank of America and Wells Fargo, as trustee of the WMC3 Trust, have no legal authority to assert a claim based on the Deed of Trust. Plaintiff argues that according to the Pooling and Servicing Agreement ("PSA") for the WMC3 Trust, the transfer of the Deed of Trust to the WMC3 Trust must have been accomplished on or before the closing date of the WMC3 Trust, which was May 6, 2005. Plaintiff asserts that these requirements from the PSA also mean the WMC3 Trust is unable to have any other assets placed into the WMC3 Trust after the closing date. Plaintiff asserts that all assignments or endorsements executed after the WMC3 Trust's closing date are void, as they violate the express terms of the WMC3 Trust PSA. Plaintiff points out that the Assignments of Deed of Trust in this case, which purported to transfer the Deed of Trust into

7

the WMC3 Trust, were not executed until December 18, 2012, and recorded on December 20, 2012, more than seven years after the closing date of the WMC3 Trust.

The Fifth Circuit recently clarified an exception to the general rule regarding standing to challenge an assignment. Specifically, the Fifth Circuit stated that a mortgagor may challenge an assignment "on any ground that renders the assignment void." *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 224-25 (5th Cir. 2013). However, after clarifying the "void" versus "voidable" requirement, the Fifth Circuit went on to state that "even assuming that the [plaintiffs] are third-party beneficiaries, the fact that the assignments violated the PSA—a separate contract—would not render the assignments void . . . ." *Id.* at 228; *see also Calderon v. Bank of Am., N.A.*, 941 F. Supp. 2d 753, 765-66 (W.D. Tex. 2013); *Washington v. JP Morgan Chase*, No. SA-11-CV-763-XR, 2013 WL 636054, at *8-9 (W.D. Tex. Feb. 20, 2013); *Sigaran v. U.S. Bank Nat. Ass'n*, No. H-12-3588, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013). Because the lone challenge asserted by Plaintiff would merely render the assignment voidable, she lacks standing to make that challenge, and her claims fail as a matter of law. *See also Farkas*, 737 F.3d at 342. An assertion that the person who executed the assignment lacked authority to do so renders the assignment merely voidable, not void. *Reinagel*, 735 F.3d at 226; *Epstein,* 540 F. App'x at 357. A homeowner's challenges to the authority of the person who executed the assignment, a challenge to the authenticity of the signature on the assignment, and a challenge to the assignment on the basis that it was contrary to the terms of a Pooling and Service Agreement, are all grounds that make an assignment voidable, but not void. *Reinagel*, 735 F.3d at 226-28. As a voidable assignment, only the parties to the assignment, not Plaintiff, can challenge it. The Fifth Circuit recently rejected the very claim asserted by Plaintiff in this case that the assignment of a loan to the Trust violated the Trust's PSA because the transfer of

a loan occurred after the Trust's closing date, citing *Reinagel*. *See Gonzales v. Bank of America, N.A.*, 574 F. App'x 441, 444 (5th Cir. 2014). Plaintiff has raised no factual issues that would allow her to challenge the assignment in this case. Defendants are entitled to summary judgment.[3] All of Plaintiff's claims regarding violations of the PSA fail as a matter of law.

**Statutory Violations of Texas Local Government Code § 192.007**

Plaintiff asserts that Defendants violated section 192.007 of the Texas Government Code by not filing the assignment. Defendants move for summary judgment asserting that the assignment was filed, and citing to *Reinagel*. 735 F.3d at 227 n.27. Plaintiff does not respond to this argument. The Court agrees that Plaintiff's claim fails as a matter of law.

**Suit to Quiet Title and Trespass to Try Title**

"To prevail in a trespass-to-try-title action, Plaintiffs must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted).

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007). To establish a claim for suit to quiet title, Plaintiff must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially

---

[3] Plaintiff's reliance upon New York law is misplaced. *See Svoboda v. Bank of America, N.A.*, 571 F. App'x 270, 273 (5th Cir. 2014).

9

valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293, n.2 (Tex. App.–Texarkana 1991, pet. denied). An adverse claim, to constitute a cloud on the title removable by the court, must be one that is valid on its face but is proved by extrinsic evidence to be invalid or unenforceable. *Id.*

Defendants assert that Plaintiff does not establish the strength of her own title as MERS was the beneficiary and nominee of the original lender in the Deed of Trust and MERS assigned the right to foreclose to Wells Fargo. Defendants further assert that Plaintiff does not plead that she tendered, or offered to tender, the full amount owed on the Note, and Plaintiff can offer no summary judgment evidence showing she had superior title to the Property.

The summary judgment record is clear: Defendants' interest in the Property was valid and enforceable. The Court has already rejected Plaintiff's other claims. Thus, Plaintiff has no basis for an action based upon trespass to try title or quiet title.

**Fraudulent Lien Claim**

Plaintiff alleges that Defendants Bank of America and Wells Fargo violated Section 12.002 of the Texas Civil Practices & Remedies Code by causing to be filed an appointment of substitute trustee and the Assignment.

Defendants move for summary judgment on this claim asserting the following: (1) that the appointment of substitute trustee and the Assignment do not fall within the confines of Chapter 12; and (2) that Plaintiff fails to meet any of the required elements of this claim.

Plaintiff argues that Defendants caused to be drafted an appointment of substitute trustee and caused it to be filed of record knowing full well that Wells Fargo as Trustee did not own the Plaintiff's Note and Deed of Trust. Plaintiff also alleges that Bank of America also knew that the Plaintiff's Note and Deed of Trust did not actually make this trust pool of loans because of

non-compliance with the PSA. Plaintiff also relies upon her verified complaint to support that there is a fact question regarding Defendants' intent.

Texas Civil Practice and Remedies Code Section 12.002(a) prohibits a person from making, presenting, or using a document with knowledge the document is a fraudulent lien against real property.[4] To establish a claim under Section 12.002(a), a plaintiff must show (1) the defendant made, presented, or used a document with knowledge it was a fraudulent lien, (2) the defendant intended that the document be given legal effect, and (3) the defendant intended to cause plaintiff physical injury, financial injury, or mental anguish. *Merritt v. Davis*, 331 S.W.3d 857, 860-61 (Tex. App--Dallas 2011, pet. denied); *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 326-27 (5th Cir. 2014) (quoting *Henning v. OneWest Bank, FSB*, 405 S.W.3d 950, 964 (Tex. App.--Dallas 2013, no pet.) (quoting Tex. Civ. Prac. & Rem. Code § 12.002(a)). "The party asserting a claim under Section 12.002 has the burden to prove the requisite elements of the statute." *Aland v. Martin*, 271 S.W.3d 424, 430 (Tex. App.--Dallas 2008, no pet.).

Under § 12.001(3), a "lien" is defined as "a claim in property for the payment of a debt and includes a security interest." The Court agrees that the assignment, appointment of substitute trustee, and foreclosure notices are not liens, and section 12.002 is not applicable to this case. *Garcia v. Bank of New York Mellon*, 3:12-CV-0062-D, 2012 WL 692099, at *3 (N.D. Tex. Mar. 5, 2012);

---

[4] Section 12.002 of the Texas Civil Practice and Remedies Code provides that:
(a) A person may not make, present, or use a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent to cause another person to suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or emotional distress.
Tex. Civ. Prac. & Rem. Code § 12.002.

*Jaimes v. Fed. Nat'l Mortg. Ass'n*, 930 F. Supp. 2d 692, 697 (W.D. Tex. 2013). Moreover, Plaintiff provides no factual basis for recovery under this section, with respect to the requisite intent required for such a violation. Defendants are entitled to summary judgment on this claim.[5]

**Claim for Invasion of Privacy**

Plaintiff alleges the cause of action of invasion of privacy by misappropriation against Defendants MERS and Merscorp. Plaintiff alleges that her "personal identifying information" was used "without her consent."

Misappropriation of likeness requires proof of three elements: "(i) that the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; (ii) that the plaintiff can be identified from the publication; and (iii) that there was some advantage or benefit to the defendant." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 638 (5th Cir. 2007). "[T]o establish a claim for misappropriation, something unique about the person's name must exist or the tortfeasor must cash in on goodwill associated with the plaintiff's name." *Id.* at 639 (internal quotation marks omitted). Moreover, the tort of misappropriation of name or likeness creates property rights only where the failure to do so would result in excessive exploitation of its value. *Id.* Excessive exploitation refers to preventing the value reduction of one's property rights in his name or likeness due to the tortfeasor's use of these. *Id.*

Defendants assert that there no evidence in support of Plaintiff's claim, and Plaintiff offers none in her Amended Complaint. Defendants assert that Plaintiff merely speculates that "investors" seeking to access information from the Merscorp website, in general, do so by using "the borrower's

---

[5] Plaintiff's lack of standing to challenge the assignment is another basis for dismissing the § 12.002 claim. *See Vickery v. Wells Fargo Bank, N.A.*, No. 11–cv–0243, 2013 WL 321662, at *9 (S.D. Tex. Jan. 28, 2013).

last name and social security number," but Plaintiff makes no attempt to show that the alleged misuse of her personal information is anything more than incidental use of information related to the transfer of security instruments related to borrower debt.

Plaintiff asserts that she has stated that MERS and Merscorp used her personal identifying information, including her social security number, without her consent or permission, and that they have done so solely for their own commercial benefit, and that these allegations are verified. Plaintiff also asserts that her verified allegations state her belief that MERS used Plaintiff's personal identifying information to create and increase revenues for its own for-profit business and that Defendants charge a fee for each time a person logs into the system, and derive a commercial benefit from the Plaintiff's personal information, all without her consent. Plaintiff further argues that her claim is based around the fact that MERS and Merscorp's use of Plaintiff's personal information was not authorized, and was used for the Defendants' commercial gain. MERS and Merscorp were not parties to the underlying loan transaction with the lender, and while MERS is listed on the Deed of Trust, there are no provisions wherein Plaintiff agreed to allow the use of her personal information so that MERS and Merscorp could establish and operate a for-profit business enterprise.

The Court agrees with Defendants that there is no basis for this claim. Plaintiff alleges no factual allegations that would make this claim plausible, and also fails to provide summary judgment evidence that demonstrates that Defendants' use of Plaintiff's likeness in a publication provides Defendants some advantage or benefit that they would otherwise not be entitled to. Summary judgment should be granted on this claim.

**Declaratory and Other Equitable Relief**

Defendants also move for summary judgment on Plaintiff's claims for declaratory relief and

for an accounting. The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Thus, the Act provides no relief unless there is a justiciable controversy between the parties. The Fifth Circuit stated as follows:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar

reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

At the present time, there is no actual controversy between the parties that would allow for declaratory relief, and this claim should be denied. Furthermore, Plaintiff is not entitled to these equitable remedies, including injunctive relief, because she has no viable cause of action.

The Court finds that there are no genuine issues of material fact, and all of Plaintiff's claims against Defendants should be dismissed.

## CONCLUSION

It is therefore ORDERED that Defendants' Motion for Summary Judgment (Dkt. #51) is hereby **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

It is further ORDERED that Plaintiff's Motion for Partial Summary Judgment (Dkt. #53) is hereby **DENIED**.

**SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE